**MATTHEWS, Dorenda, Appellant,**

v.

**FREEDMAN, Darryl and McCormick, Taylor & Co., Inc.**

No. 89–1241.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Aug. 7, 1989.

Decided Aug. 15, 1989.

Rehearing Denied Sept. 15, 1989.

Steven M. Kramer, Steven M. Kramer & Associates, Philadelphia, Pa., for appellant.

Richard C. Biedrzycki and Phillips and Phelan, Philadelphia, Pa., for appellees.

Before SLOVITER and GREENBERG, Circuit Judges, and FISHER, District Judge *.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

This is an appeal from the district court's dismissal of a complaint alleging sexual and racial discrimination based on acts of sexual harassment by a white male supervisor against a black female employee. On appeal, plaintiff Dorenda Matthews does not contest the lower court's dismissal of the counts pled in her complaint. She argues solely that her case should have been allowed to proceed under 42 U.S.C. § 1981, a theory of relief which was not pled in her complaint nor raised in her brief before the district court but which her counsel claims he raised at oral argument before that court. The Supreme Court's recent opinion in *Patterson v. McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), precludes use of section 1981 as a theory of relief in cases alleging on-the-job harassment, however, and we therefore will affirm the ruling of the district court on this ground without reaching the issue of whether Matthews raised her section 1981 claim below. We will also grant the appellees' motion for sanctions against Steven M. Kramer, appellant's counsel.[1]

### I.

In reviewing the district court's grant of a motion to dismiss, this court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn from them, and must refrain from granting a dismissal unless it is certain that no relief could be granted. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988).

Matthews alleges that during the course of her employment as a receptionist at defendant McCormick, Taylor & Co., her supervisor, comptroller Darryl Freedman, also a defendant, subjected her to repeated sexual comments, advances, and other forms of harassment. When she rejected these advances, Freedman began to reprimand Matthews for lateness, absences and telephone misuse. Other employees who were absent or late with the same frequency were not reprimanded as severely. Matthews was eventually given a one-day suspension for reporting late to work and thereafter did not return to work, contending that she was compelled to resign from her job because of her distress and frustration over the situation.

---

\* Hon. Clarkson S. Fisher, United States District Judge for the District of New Jersey, sitting by designation.

1. By letter of July 18, 1989, this court reminded Mr. Kramer that under Rule 5 of the Third Circuit Rules of Attorney Disciplinary Enforcement he could request to be heard in person. Mr. Kramer failed to file an application for an oral hearing within the time required to do so.

Matthews subsequently filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging violations of Title VII, the Thirteenth Amendment, the Fourteenth Amendment, and several common law theories. The district court held that Matthews' Title VII claim was barred by the applicable statute of limitations; that she failed to allege the state action necessary to sustain a suit under the Fourteenth Amendment; and that she could not bring a direct cause of action under the Thirteenth Amendment. The court declined to exercise pendent jurisdiction over the remaining state law claims and therefore dismissed the complaint in its entirety.

## II.

On appeal, Matthews argues that her case should be allowed to proceed as a race discrimination suit under 42 U.S.C. § 1981. In response to the appellees' contention that this claim was never pled in the complaint, Matthews contends it was "made clear at oral argument" before the district court that "the intent was to rely on Sec. 1981." Brief of Appellant at 1. Among other arguments, the defendants assert that Matthews failed to raise section 1981 before the district court and point out that her counsel has provided no portion of the record reflecting presentation of such an argument.

█ We need not resolve the parties' dispute because the Supreme Court's recent opinion in *Patterson v. McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), bars the use of section 1981 in suits alleging on-the-job racial harassment. Following the Court's issuance of this opinion, this court by letter of June 28, 1989 requested the parties to submit a letter memorandum discussing the effect of *Patterson* on the issues in this case. Only appellees filed a response.

The Court in *Patterson* held that the right to make contracts, protected from interference by private parties under section 1981, does not extend "to problems that may arise later from the conditions of continuing employment" including an employer's "imposition of discriminatory working conditions." 109 S.Ct. at 2372–73. The right to enforce contracts, also protected under section 1981, "prohibits discrimination that infects the legal process in ways that prevent one from enforcing contract rights, by reason of his or her race," such as by obstructing access to the courts or nonjudicial methods of adjudicating disputes. *Id.* The Court held that a claim of racial harassment on the job implicated neither of these rights. Such conduct, though reprehensible, "is not actionable under § 1981 ... [but] [r]ather is actionable under the more expansive reach of Title VII of the Civil Rights Act of 1964." *Id.* at 2374.

Here, Matthews' allegations of harassment by her supervisor involve conduct occurring in the course of her employment, not a refusal to make an initial contract of employment or impairment of her ability to enforce her legal rights. She therefore may not sustain a claim under section 1981, regardless of whether or not the claim was properly presented before the district court. Matthews does not appeal from the district court's finding that she failed to comply with the applicable statute of limitations provisions for bringing suit under Title VII, the statute the *Patterson* Court designated as the appropriate vehicle for harassment claims. There is therefore no basis for sustaining her complaint and we will affirm the district court's grant of the motion for dismissal.

## III.

Appellees have made a motion for sanctions based on, *inter alia*, the failure of Matthews' counsel, Steven M. Kramer, to comply with appellees' request for inclusion in the appendix of his brief in opposition to the motion to dismiss (which contains no mention of section 1981) and his failure to timely order and include in the appendix a copy of the transcript of his arguments before the district court.[2] We

---

2. In light of our disposition of the motion on these grounds, we need not consider the further allegations of appellees that Kramer failed to:

include in the appendix a notice of appeal as required under Third Circuit Rule 10(3); timely file the Civil Information Statement as required

find these omissions, as well as Attorney Kramer's failure to timely respond to this court's request for submission of a letter memorandum, to fall far short of the conduct expected of a member of the bar of this court. The reasons set forth in Appellant's Memorandum in Opposition to Motion for Sanctions filed by appellees are not persuasive.

■ Counsel argues that "[a]n appellant, particularly a civil rights appellant, should not be forced to incur the expense of including memoranda of law in an appendix." We agree that briefs filed in the district court are ordinarily not appropriate for inclusion in an appendix. *See* Fed.R. App.P. 30(a) ("Except where they have independent relevance, memoranda of law in the district court should not be included in the appendix."). Indeed, we encourage counsel to utilize Local Rule 20(4) of this court, which was promulgated pursuant to Fed.R.App.P. 30(b), to effectuate the goal of reducing the expense of litigation. Here, however, counsel's reliance on this ground is disingenuous. One of the memoranda requested, that filed in opposition to the motion to dismiss, was two pages. It showed conclusively that plaintiff's counsel's written submission was directed only to the claim under the Thirteenth Amendment. Thus, irrespective of whether this court would have accepted plaintiff's argument that the section 1981 claim was preserved in oral argument, the written memorandum which failed to mention section 1981 had "independent relevance," and should have been included in response to appellees' request.

Moreover, to the extent that counsel's memorandum in opposition to sanctions suggests that we should apply a different standard to counsel representing civil rights plaintiffs than other parties, we firmly disabuse him of that notion. Although we are cognizant that the burdens of appellate litigation may press more heavily on some parties than on others, counsel's professional responsibility to the court does not vary with the identity of the client.

■ Finally, although the *Patterson* case was patently dispositive of the issues in this appeal, Mr. Kramer failed to respond to this court's direction that he address that case in writing. Had he done so, he probably would have been compelled to concede that the appeal had no legal merit. The absence of a specific appellate rule comparable to Fed.R.Civ.P. 11 does not give counsel the privilege to file a frivolous appeal or maintain one after subsequent and binding precedent demonstrates that the appeal no longer has merit. *See New-man–Green, Inc. v. Alfonzo–Larrain,* ── U.S. ──, 109 S.Ct. 2218, 2223, 104 L.Ed.2d 893 (1989) (policies informing a Federal Rule of Civil Procedure may apply equally to the court of appeals).

■ For the foregoing reasons, we will grant appellees' motion for sanctions and direct Steven M. Kramer to pay appellees $250.00 towards their appellate counsel fees. We recognize this amount is hardly compensatory to appellees but we believe that amount is appropriate under the circumstances. This court will not hesitate to apply sanctions in a sequential manner in this or any other like case should the court deem it appropriate.

## IV.

For the reasons set forth, the judgment of the district court will be affirmed. The motion for sanctions will be granted, and Steven M. Kramer is directed to pay appellees $250.00 within ten days of the date of the filing of this opinion, said amount not to be charged directly or indirectly to his client. Costs on appeal to be borne by appellant.

by the Clerk; timely file a Disclosure Statement as required by this court; comply with all of the provisions of Third Circuit Rule 21 regarding the content of briefs; and timely comply with

an order of the district court to supplement the record with the date of receipt of his client's right to sue letter.