Brad Ellery **DUNN**, Plaintiff,

v.

**MIDWEST BUSLINES, INC. and United Transportation Union International,** Defendants.

**No. LR C 81 4.**

United States District Court,
E. D. Arkansas, W. D.

April 28, 1982.

Eugene Hunt, Pine Bluff, Ark., for plaintiff.

William L. Sossaman and Martin F. Thompson, Young & Perl, P. C., Memphis, Tenn., for Midwest Buslines.

Norton N. Newborn, Cleveland, Ohio, Pamela D. Walker, Little Rock, Ark., for United Transp. Union Intern.

## MEMORANDUM ORDER ON CLASS CERTIFICATION

OVERTON, District Judge.

A number of motions are pending in this Title VII suit with class allegations. The Court has resolved the motion for class certification and expects this decision to moot at least some of the other motions. No hearing is necessary on the class motion. It is clear from the record before the Court that class certification must be denied. The reasons will be set forth in some detail.

The defendants, Midwest Buslines, Inc. and United Transportation Union International, have filed voluminous briefs challenging the proposed class for failure to meet any of the requirements of Rule 23, *F.R.Civ.P.* Several of the objections are well taken, and not every issue raised need be addressed to resolve the motion.

The Court will briefly summarize the undisputed facts. The plaintiff has been employed since 1974 as a bus driver by the defendant Midwest Buslines, Inc. and is a member of the defendant Union. He filed this suit January 5, 1981, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, alleging racial discrimination against the defendant's black employees in compensation, job assignments and terms of employment, harassment because of race, and retaliation against the plaintiff for exercising his legal rights. Additionally, Mr. Dunn complains individually that several white men hired later than he were given driving assignments earlier and thus have earlier seniority dates than he does. Further, he alleges he was denied pay on the same basis as white bus operators and that the defendant Union has refused to act on grievances of black union members on the same basis as white union members. The Court will not detail the plaintiff's several attempts to define the class he seeks to represent or his attempts to state a proper complaint. He filed his second amended complaint on September 14, 1981, at the Court's direction, because the original complaint did not comply with *Local Rule* 24 and the first amended complaint did not comply with Local Rule 3(e).[1] Reference will be made only to the attempted class definitions in the second amended complaint and the brief in support of class certification.

The class or classes (it is unclear which the plaintiff intends) which the second amended complaint proposes are improper as a matter of law. The second amended complaint seeks to represent "all black employees:

1. This complaint remains deficient in that it contains no jurisdictional statement as to the defendant Midwest as required by Rule 8(a), *F.R.Civ.P.*, and apparently deletes material

from the previous complaint without attention to Local Rule 3(e). No prejudice to the defendants is alleged, however, and further pleading would be pointless.

1. Who might seek employment with defendant;

2. Who may be and those who continue to be adversely affected by the practices of defendant company which denies black individuals, equal employment opportunities;

3. Who have been discharged or otherwise disciplined due to race."

The brief in support of class certification states the class somewhat differently than the complaint: "all black individuals:

(a) who continue to be adversely affected by the employment practice of defendant;

(b) who may be adversely affected by the employment practices of the defendant company;

(c) who have been denied employment by defendant due to race; and

(d) who might seek employment due to race."

■ Even assuming sufficient factual allegations had been made (and they have not) to support the existence of any of the above classes, no class could properly be certified for any of these groups with the plaintiff as its representative. Looking first to the categories in the second amended complaint, Subsection 1, it is obvious that the plaintiff cannot represent potential hirees on a charge of discrimination in hiring. Having been hired, he suffered no such discrimination and clearly does not meet the same injury requirement of *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977). See also, *Jones v. MacMillan Bloedel Containers, Inc.*, 84 F.R.D. 640, 643 (E.D.Ark. 1979) (Eisele, J.); *Newton v. Kroger Co.*, 83 F.R.D. 449, 452 (E.D.Ark.1979) (Arnold, J.). Thus, Subclass 1 of the second amended complaint and Subclasses (c) and (d) of the brief are facially improper. Additionally, the plaintiff states in his deposition at page 42 that he was not discriminated against in the hiring process.

■ Subclass 2 from the second amended complaint appears to encompass Subclasses (a) and (b) of the brief, those who continue to be and who may be adversely affected by the employment practices complained of. There are a number of problems with this proposed class, not the least of which are vagueness and ambiguity. First, however, is the matter that these definitions depend on a finding of discrimination in order to define the class. A class of "those who have been actually discriminated against" has no limits until conclusion of the trial on the merits. A finding of no discrimination on the part of the defendant would logically mean the class had been improperly certified in the beginning. Second, the proposed class includes individuals in every job classification with the defendant, even though it is uncontested that bus operators are covered by a separate collective bargaining agreement. A bus driver could not represent someone under another agreement in a suit against either the employer or the union because of the "same injury" requirement of *Rodriguez, supra*. Compensation and other terms of employment are, of course, covered by the collective bargaining agreement. Third, there is a serious numerosity problem with the proposed class. Although the figure 50 was mentioned in the original complaint, this number was apparently drawn out of air and has no basis in fact. The seniority roster at the Little Rock terminal shows 17 or 18 black bus operators. The Court regards it as an extremely close question whether 17 or 18 is a sufficient number to satisfy the numerosity requirement of Rule 23. See *Jones v. MacMillan Bloedel, Inc., supra*, 84 F.R.D. at 644. Certainly many cases have held numbers substantially larger than this to be insufficient. The district courts seem to have a good deal of discretion on this question and this Court finds the numerosity requirement not satisfied in this case. Fourth, the proposed class contains no temporal limitations as would clearly be necessary.

Finally, the defendant company raises serious questions as to the adequacy of the plaintiff as the proposed representative of the class. Having reviewed the plaintiff's deposition, attached to Midwest's brief in opposition to class certification, the Court

finds the concern well-founded that the plaintiff is not particularly knowledgeable of the forms of discrimination allegedly suffered by the proposed class. Midwest also raises serious questions going to the ability of plaintiff's counsel to conduct litigation such as this. Midwest emphasizes the plaintiff's continued inability to state a proper class action complaint, the many errors which appear in plaintiff's class brief and the conduct of plaintiff's counsel during the plaintiff's deposition. Suffice it to say that although serious questions have been raised, the Court finds it unnecessary to make formal findings on this question in light of the findings that the action does not meet the other requirements of Rule 23.

Perhaps if the Court were willing to undertake guidance of the litigation for the plaintiff, some class could be defined which the plaintiff could properly represent. This would, however, avoid the very purpose of the adequacy requirement of Rule 23. *Jones v. MacMillan Bloedel, supra,* 84 F.R.D. at 646 n.6. Given the problem of numerosity and the serious doubts which the Court has about adequacy of representation combined with due regard for the role of the Court in such cases, the Court finds that the interests of the absent class members would not be served by certification of any class in this case.

The motion for class certification is denied. The previous order setting trial remains in effect.

Counsel should advise the Court by letter within seven days of entry of this order which, if any, of the remaining motions require a ruling in light of this opinion.