Allen **PATRYKUS**, et al., Plaintiffs,

v.

Frank **GOMILLA**, et al., Defendants.

Nos. 86 C 9748, 87 C 2083 and 87 C 7925.

United States District Court, N.D. Illinois, E.D.

Aug. 8, 1988.

Harold C. Hirshman, Jeffrey A. Zaluda, Annette R. Appell, Sonnenschein, Carlin, Nath & Rosenthal, Harvey Grossman, Alan K. Chen, Roger Baldwin Foundation of ACLU, Karl G. Rubesh, Carper & Rubesh, Thomas Peters, Lawrence Rolla, Murphy, Peters, Davis & O'Brien, Chicago, Ill., for plaintiffs.

Gladys Stevens, James Coghlan, Office of Atty. Gen., William B. Mackin, Richard K. Means, Patrick J. Rocks, Asst. Corp. Counsel, Office of Corp. Counsel, Chicago, Ill., James R. Schirott, James G. Sotos, Charles E. Hervas, Michael W. Condon, Schirott & Associates, P.C., Itasca, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiffs Allen Patrykus, Richard Babel, and John Doe ("class representatives") brought an action numbered 86 C 9748 for declaratory and injunctive relief and for damages, individually and on behalf of all others similarly situated ("plaintiff class" or "class members"). Marty Enright, Norris Hopkins, Greg Rock, Glenn Koltes, Robert S. Hammond, Kevin Siarkowski and Philip Jones brought an action numbered 87 C 2083 on behalf of themselves, as did Michael Tooze, Stephen P. Rogers, David Boyer and John Smith in case numbered 87 C 7925. These three civil rights cases have been consolidated by the court for all purposes. Jurisdiction is predicated on 42 U.S. C. §§ 1983, 1988 and 28 U.S.C. § 2201 *et seq.*

The class representatives move for certification of the class pursuant to Fed.R. Civ.P. 23. For the reasons that follow, plaintiffs' motion is granted.

## BACKGROUND

The class representatives sue on behalf of a purported class that is defined as follows:

> ... [A]ll persons who were subjected to any of the unlawful seizures, detentions, searches, use of excessive force and interrogations and photographing performed by agents of the Northeastern Metropolitan Group and the Chicago Police Department during a raid at Carol's Speakeasy on September 12, 1985.

Consolidated Complaint ("Compl.") ¶ 6. Plaintiff class members allegedly were subjected to the same unconstitutional course of conduct by agents of the Northeastern Metropolitan Group ("NEMEG defendants"), which is a statutorily created intergovernmental drug enforcement agency, and by officers of the Chicago Police Department ("Chicago Police defendants").

Approximately 50 persons were present at Carol's Speakeasy ("Carol's"), a Chicago bar primarily frequented by homosexual and bisexual men, when ten NEMEG defendants entered through several doors. Compl. ¶¶ 11(a), (b), 28. Shortly thereafter, seven Chicago Police defendants entered Carol's and stood guard at the doors. *Id.* at ¶ 11(c). The defendants did not have warrants for the arrest or search of any class member; plaintiffs claim they were behaving lawfully and provided no probable or reasonable cause, suspicion, or any other legal justification, for the seizures, detentions, searches and interrogations alleged. *Id.* at ¶ 11(d). Plaintiffs believe that defendants possessed only a single arrest warrant for a bartender at Carol's. *Id.*

Plaintiffs further allege that the NEMEG defendants told class members that they could not leave the bar, and forced all of them to lie face down on the floor for periods of approximately one to three hours. *Id.* at ¶ 11(e), (f). During the raid, the NEMEG defendants allegedly subjected class members to homosexual slurs. *Id.* at ¶ 11(g). The Chicago Police defendants stood by during the events alleged. *Id.* at ¶ 11(c).

Each class member allegedly was subjected to a pat-down search and a search of personal effects, was compelled to reveal detailed personal information and was photographed. *Id.* at ¶ 11(h), (i). While class members were on the floor, the NEMEG defendants allegedly searched Carol's membership files, which contained information about some of the class members. *Id.* at ¶ 11(j).

Plaintiffs seek declaratory judgment that the defendants' conduct deprived them of their constitutional rights to be free from unreasonable searches and seizures, excessive force, and invasion of their privacy, to equal protection of the laws and to freedom of association. *Id.* at ¶ A. They seek an injunction directing defendants to return all personal information and photographs or to insure destruction of these materials. They also seek a list of any persons or agencies that were furnished information about class members derived from the raid on Carol's. *Id.* at ¶ B(1), (2). Finally, $50,-000 in compensatory damages and an additional $50,000 in punitive damages are sought on behalf of each class member in each of five claims for relief, in addition to attorneys' fees and costs. *Id.* at ¶¶ C, D.

## DISCUSSION

Fed.R.Civ.P. 23 provides that representatives may sue on behalf of a class if (1) class members are so numerous that joinder of all members is impracticable; (2) questions of law or fact are common to the class; (3) claims or defenses of the representatives are typical to those of class members; and (4) the representatives will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). Additionally, the court must find that (1) the prosecution of separate actions by individual class members would create inconsistent adjudications or impair the ability of other members to protect their interests; (2) the opposing party has acted or refused to act on grounds generally applicable to the class; or (3) common questions of law or fact predominate. Fed.R.Civ.P. 23(b). The party seeking class certification bears the burden of demonstrating that certification is proper. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984).

### I. *Requirements of Fed.R.Civ.P. 23(a)*

#### 1. Numerosity

A proposed class must be so numerous that joinder of all members is impracticable. The complaint need not allege the exact number or identity of class members. 1 H. Newberg, *Newberg on Class Actions* § 3.05 (2d ed. 1985). The court is entitled to make common sense assumptions in order to support a finding of nu-

merosity. *Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D.Ill. 1984). In addition to estimating the number of class members, the court considers judicial economy and the ability of class members to institute individual suits. *Tenants Association for a Better Spaulding v. HUD*, 97 F.R.D. 726, 729 (N.D.Ill.1983).

Plaintiffs assert that the class defined in their consolidated complaint, comprised of approximately 50 persons, is sufficiently large to render joinder of all class members impracticable. Plaintiffs rely on *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 n. 9 (7th Cir.1969) (class of 151 held sufficient, but 40 would have been acceptable); *Rosario v. Cook County*, 101 F.R.D. 659, 661 (N.D.Ill.1983) (class of 20 held sufficient); *Dale Electronics v. R.C.L. Electronics, Inc.*, 53 F.R.D. 531, 534 (D.N. H.1971) (class of 13 held sufficient). Plaintiffs further contend that the nature of the relief sought, primarily a declaration of unconstitutionality and an injunction compelling the return of unlawfully seized materials, weighs heavily in favor of a finding of impracticability. Finally, plaintiffs argue that the potential stigma of bringing a claim for occurrences in a gay bar is likely to discourage potential class members from proceeding individually or in their own names.

Defendants distinguish *Swanson* and *Dale Electronics* on the ground that the plaintiffs have not alleged that the class is geographically disbursed and, further, that the substantial damage claim here makes joinder practicable. Defendants contend that *Rosario* is inapposite because "future class members cannot exist." Chicago Police Defendants' Memo., at 7.

■ The individual circumstances of a case must be considered in determining whether joinder is impracticable. *Swanson v. American Consumer Industries, supra*, 415 F.2d at 1333. A relatively small group may form a class if other considerations make joinder impracticable. The present geographical disbursement of persons who all happened to be at the same Chicago bar on an evening almost three years ago is not known. More importantly, there is an unusual factor in this case that must be considered: the potential social prejudice against homosexuals, or against persons who associate with homosexuals, that may deter class members from suing in their own names. Nor is there any reason to burden the judicial system, as defendants suggest, with 50 "John Doe" lawsuits arising out of the same incident. Accordingly, the numerosity requirement of Rule 23 is satisfied.

**2. Commonality**

■ The party seeking class certification must demonstrate that there is at least one question of law or fact common to the class. Fed.R.Civ.P. 23(a)(2); *Gomez v. Illinois State Board of Educ.*, 117 F.R.D. 394, 399 (N.D.Ill.1987). Where a question of law refers to standardized conduct by defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement is usually met. *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill.1984). Differences in individual cases concerning treatment or damages does not defeat commonality. *Id.* at 950.

■ An overriding common legal issue is raised by the consolidated complaint: whether defendants violated the constitutional rights of class members by detaining, searching, interrogating, and photographing them and by seizing materials from and about them, without arrest or search warrants, probable cause, or any other legal justification. It is insignificant that individual roles and levels of participation among defendants varied or that different degrees of harassment or abuse were inflicted upon individual class members, given the common legal question presented for determination. Accordingly, the requirement of commonality is met.

**3. Typicality**

■ In order to certify a class, the claims of the representative plaintiffs must be typical of the claims of the class. Fed. R.Civ.P. 23(a)(3). The court must determine whether the named representatives' claims have the same essential characteris-

tics as the claims of other members of the class. *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). A representative's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and ... [is] based on the same legal theory." H. Newberg, *Newberg on Class Actions* § 1115(b) (1st Ed.1977). The similarity of legal theory may control even where there are factual differences between the claims of the named representatives. *De La Fuente, supra*, 713 F.2d at 232.

■ The claims asserted on behalf of all potential class members arise from the same course of conduct and are based upon the same legal theories. Defendants' claim that plaintiffs are asserting individualized probable cause claims is a serious mischaracterization of plaintiffs' contentions. The consolidated complaint alleges that defendants did not have probable cause, or any other legal justification, for their conduct in executing the raid on Carol's. Indeed, the essence of plaintiffs' claims appears to be that class members were subjected to an unconstitutional mass detention without *any* individualized probable cause determination having been made. The fact that defendants hypothetically may assert individualized defenses does not undercut the significant similarities of plaintiffs' claims.

Defendants also mischaracterize plaintiffs' claims as being "based on [their] homosexual orientation," in order to conclude that plaintiffs' claims are not typical of those class members who may not be homosexuals. Chicago Police Defendants' Memo., at 12. The possibility that some class members may not be homosexual or bisexual has no bearing on the issue of typicality. The alleged infringement of all class members' constitutional rights to freedom of association, due process and equal protection is not predicated on actual sexual orientation.[1] Rather, plaintiffs allege that defendants' conduct was *motivated* by defendants' perceptions or misper-

ceptions about the sexual orientation of Carol's patrons. Compl. ¶ 28.

Plaintiffs have adequately demonstrated that their claims are typical of the entire class.

4. Adequacy of Representation

■ To determine whether the named plaintiffs adequately represent the interests of the class, the court examines two factors: (1) whether there exist any conflicts of interest between the representatives and the rest of the class members, and (2) whether the named plaintiffs' counsel will adequately protect the interests of the class. 1 H. Newberg, *Newberg on Class Actions* § 3.22 at 198 (2d ed. 1985); *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir.1986).

■ The representative plaintiffs' interests in this case are virtually identical with those of the entire class. There is no reasonable basis to conclude that any potential antagonism exists, or that the named plaintiffs lack standing or that they will not vigorously pursue this litigation. The named plaintiffs are seeking relief that is directed to all class members.

Moreover, plantiffs are represented by the Roger Baldwin Foundation of the American Civil Liberties Union. This organization has successfully prosecuted a number of class actions in this Circuit, and its attorneys are highly regarded for their competent and vigorous advocacy. The named plaintiffs and their attorneys adequately represent the interests of the class.

*II. Requirements of Fed.R.Civ.P. 23(b)*

■ In addition to the prerequisites of Rule 23(a), a class action must satisfy at least one of the requirements of Rule 23(b).

Plaintiffs assert that this case falls squarely under Rule 23(b)(2) because defendants acted on allegedly unconstitutional grounds generally applicable to all class members. The court agrees. The consolidated complaint charges that the entire

---

1. Meritless for similar reasons is defendants' contention that the class is not adequately defined because the sexual orientation of its mem-

bers is not alleged. Chicago Police Defendants' Memo., at 3. Plaintiffs' interests are coextensive regardless of sexual orientation.

class was subjected to defendants' allegedly unconstitutional course of conduct during the same incident. Certification under Rule 23(b)(2) is particularly appropriate in class actions brought to vindicate civil or constitutional rights. *Johnson v. Brelje,* 482 F.Supp. 121, 124 (N.D.Ill.1979) (citations omitted).

Defendants counter that the substantial damages sought preclude certification under Rule 23(b)(2). However, it cannot fairly be said that plaintiffs' damage claims "predominate" their prayer for relief. Declaratory and injunctive relief are sought as an integral part of the relief for the entire class. Certification under Rule 23(b)(2) is therefore appropriate. 1 H. Newberg, *Newberg on Class Actions* § 4.14 at 298 (2d ed. 1985).

Plaintiffs also contend that certification under Rule 23(b)(3) is appropriate because common questions of law and fact predominate over questions affecting only individual members. Again, defendants attempt to derive significance from potential variations in the degree of culpability among the defendants or in the extent of injuries to the plaintiffs. Common questions of fact concerning the defendants' alleged behavior and of law concerning the constitutionality of defendants' behavior clearly predominate. Identity of all issues is not required. *Hernandez v. United Fire Insurance Company,* 79 F.R.D. 419, 430 (N.D.Ill.1978). The requirements of Rule 23(b)(3) therefore are satisfied.

Finally, a class action is the superior method for resolving the claims of 50 persons arising out of the same incident. Because of the sensitive nature of the case, there is a risk that some class members would not intervene as named plaintiffs. Moreover, this controversy involves a common core of identical issues. There is no apparent benefit to be derived from duplicative lawsuits.

## CONCLUSION

Plaintiffs' motion for class certification is granted. The class defined in the consolidated complaint is certified under Fed.R. Civ.P. 23(b)(2) and 23(b)(3).