Duane YOUNG, Plaintiff,

v.

MAGNEQÚENCH INTERNATIONAL, INC., United Automobile, Aerospace, Agricultural Implement Workers of America ("UAW"), Local # 662, Defendant.

No. IP 98–0704–C–B/S.

United States District Court, S.D. Indiana, Indianapolis Division.

Aug. 23, 1999.

Divina Westerfield, Westerfield & Associates, Carmel, IN, for plaintiff.

Nora L Macey, Macey, Macey and Swanson, Indianapolis, IN, Paul H Sinclair, Ice Miller Donadio & Ryan, Indianapolis, IN, for defendant.

## ENTRY DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

BARKER, Chief Judge.

On May 26, 1998, Plaintiff Duane Young ("Young") filed a Verified Complaint alleging that his former employer, Defendant Magnequench International, Inc. ("Magnequench"), and the union recognized by Magnequench as the collective bargaining representative of Young and his fellow employees, Defendant United Automobile, Aerospace, Agricultural Implement Workers of America, ("UAW"), Local #662 ("the Union"), discriminated against him on the basis of race by creating a hostile work environment and terminating him in retaliation for filing discrimination charges against Magnequench in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e (1994). In addition, Young alleges that Magnequench and the Union conspired to interfere with his civil rights in violation of 42 U.S.C. § 1985. Finally, Young alleges that Magnequench wrongfully terminated him and that the Union breached its duty of fair representation under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

On December 18, 1998, Young filed a Motion to Certify this Case as a Class Action ("Pl.'s Mot."). On January 11, 1999, Magnequench filed an Objection to Plaintiff's Motion for Class Certification ("Magnequench's Objection to Pl.'s Mot.") and the Union filed a Memorandum in Opposition to Plaintiff's Motion to Certify this Case as a Class Action ("Union's Mem. in Opp'n to Pl.'s Mot."). Finally, on February 5, 1999, Young filed a Brief in Support of the Motion to Certify this Case as a Class Action and Alternatively Motion to Permit Joinder of Parties and Brief in Support Thereof ("Pl.'s Br. Supp.Mot.").[1] For the reasons discussed below, Young's motion for class certification must be *DENIED*.

### Factual Background

Young seeks to represent a class composed of himself and four other former Magnequench employees. *See* Pl.Br.Supp.Mot. at 1.[2] Each of these employees was allegedly vocal about Magnequench's enforcement of the local affirmative action policy and the "human/civil rights treatment under the new owners who were purchasing Magnequench." *Id.* at 3. Young alleges that Magnequench targeted himself and the other four employees in retaliation for their espousing these positions, *see id.*, and eventually terminated each of them under the alleged pretext of time card falsification. *See id.* at 7.

Magnequench and the Union oppose Young's motion on several grounds. First, both assert that Young has not satisfied Federal Rule of Civil Procedure 23(a)(1)'s requirement of numerosity. *See* Magnequench's Objection to Pl.Mot. at 5–6; Union's Mem. in Opp'n to Pl.'s Mot. at 3–4. Second, both Defendants assert that Young has not satisfied Rule 23(a)(4)'s requirement of adequacy. *See* Magnequench's Objection to Pl. Mot. at 7–9; Union's Mem. in Opp'n to Pl.'s

---

1. The brief in support of Young's motion for class certification attempts to insert an alternative motion to join Louis Burgess, Coy Browning, Teddy Henderson, and Rudi Williams as plaintiffs. *See* Pl.Br.Supp.Mot. at 1. However, given the procedural posture of the pleadings and motions, this issue has not been sufficiently briefed to allow the Court to rule on it. In addition, while Young's brief asserts that counsel is authorized to speak on behalf of these additional parties, there are not sufficient indications to allow a conclusion that plaintiff's counsel has in fact been duly authorized by the additional parties to seek joinder. Finally, Local Rule 7.1 requires that alternative motions be filed with the primary motion. S.D.Ind.L.R. 7.1(a). Thus, Young's alternative motion for joinder under Rule 20 should properly have been brought as an alternative to the original motion to certify a class action and not a matter initially raised within his brief in support of the motion. Accordingly, we will not address Young's alternative motion to join. However, Young is allowed leave to properly file this motion in accordance with both the Local Rules and the Federal Rules of Civil Procedure and, once it has been properly filed and briefed, we will address it.

2. Although Young's original motion indicated that there were seven potential class members, *see* Pl.Mot. ¶¶ 8, 11, Young's supporting brief clarifies that the number of potential plaintiffs has been reduced to Young, Burgess, Browning, Henderson and Williams. *See* Pl.Br.Supp.Mot. at 1, 12. Therefore, the Court will treat this motion as one seeking certification of a class composed simply of Young and these four additional plaintiffs.

Mot. at 4–6. Finally, Defendants assert that Young has not satisfied the requirements of Rule 23(b). *See* Magnequench's Objection to Pl.Mot. at 9–12; Union's Mem. in Opp'n to Pl.'s Mot. at 6.

## Discussion

■ Federal Rule of Civil Procedure 23(a) lays out the threshold requirements for class certification:

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). The party seeking class certification bears the burden of proving that these prerequisites have been met and that class certification is appropriate. *See General al Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir.1993), *cert. denied*, 519 U.S. 932, 117 S.Ct. 305, 136 L.Ed.2d 222 (1996); *Hurd v. Monsanto Co.*, 164 F.R.D. 234, 238 (S.D.Ind.1995). Because each element is a prerequisite to certification, failure to meet any one of them precludes certification as a class. *See Retired Chicago Police Ass'n*, 7 F.3d at 596. For the reasons stated below, the Court finds that Young has failed to satisfy these prerequisites and, therefore, we deny Young's motion to certify this action as a class action.[3]

### 1. Numerosity

■ As discussed above, Young must show that the putative class is so numerous that "joinder of all [class] members is *impracticable*." Fed. R.Civ.P. 23(a)(1) (emphasis added). While no magic number satisfies this element, the plaintiff must show that it is extremely difficult or inconvenient to join all of the class members in the suit. *See* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 1762, at 159 (1986); *see also Evans v. Evans*, 818 F.Supp. 1215, 1219 (N.D.Ind.1993) (noting that, "while there is no fixed numerosity rule, 'generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors' ") (quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir.1986)).

■ Factors for the court to consider when evaluating impracticability include: the size of the potential class, ease of identifying the potential members and determining their addresses, their geographic dispersion, and whether their individual claims are so small as to inhibit them from pursuing their own claims. *See Buford v. H & R Block, Inc.*, 168 F.R.D. 340, 348 (S.D.Ga.1996), *aff'd sub nom. Jones v. H & R Block Tax Serv.*, 117 F.3d 1433 (11th Cir.1997). Thus, while class size is certainly relevant to a Rule 23(a)(1) analysis, it is not dispositive. *See Hendrix v. Faulkner*, 525 F.Supp. 435, 442 (N.D.Ind. 1981), *aff'd in part and vacated on other grounds*, 715 F.2d 269 (7th Cir.1983). Rather, class size itself is used to indicate the general difficulty in joining all of the potential parties. *Cf.* Wright, Miller & Kane § 1762, at 158 n. 4 (noting that the general determination underlying the numerosity requirement is whether there is easy joinder of potential parties).

■ Generally, the numerosity requirement is met when there is a large number of class members. Thus, when the putative class is large, numbers alone may be dispositive. *See, e.g., Borowski v. City of Burbank*, 101 F.R.D. 59, 61–62 (N.D.Ill.1984) (stating that numerosity is met because "joinder of over 250 members is clearly impracticable"); *Swanson v. Wabash, Inc.*, 577 F.Supp. 1308, 1323 (N.D.Ill.1983) (finding class of 5,500 shareholders is "certainly enough" to satisfy numerosity); *Jackson v. Harris*, 86 F.R.D.

---

**3.** We acknowledge that a putative class action must both satisfy Rule 23(a) and fit within one of the categories of Rule 23(b). *See* Fed.R.Civ.P. 23(b). However, since Young's Motion fails to comply with Rule 23(a)'s requirements, we do not find it necessary to analyze whether Young has successfully fit this putative class action under any of Rule 23(b)'s categories.

452, 453 (N.D.Ind.1980) (finding numerosity prerequisite met where indications were that class is "in excess of 1700" people). In contrast, when the putative class is small, other factors become more significant. *See Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D.Ill.1986). Thus, "[a] relatively small group may form a class if other considerations make joinder impracticable." *Gaspar v. Linvatec Corp.,* 167 F.R.D. 51, 56 (N.D.Ill. 1996) (quoting *Patrykus v. Gomilla,* 121 F.R.D. 357, 361 (N.D.Ill.1988)).

In *Gaspar,* the court certified a class consisting of only 18 members. 167 F.R.D. at 61. Although there were few potential plaintiffs, class certification served judicial economy because a single issue determined liability to all of the class members and they were dispersed among Illinois, New Jersey, and Tennessee. *See id.* at 56–57. Likewise, a class of only 22 female applicants for positions with the Southeastern Pennsylvania Transportation Authority was certified in *Lanning v. Southeastern Pennsylvania Transportation Authority.* 176 F.R.D. 132, 147 (E.D.Pa.1997). There, the plaintiff had the names of potential parties, their social security numbers, and the names of streets where the potential parties lived. *See id.* Nonetheless, the court found that "it would be almost impossible for plaintiffs to find" the women since they did not know in what town, city or municipality any of the women resided. *Id.*

■ Here, Young seeks to assert a class comprised entirely of five, easily identifiable parties. In fact, his supporting brief identifies by name each of the four other individuals: Louis Burgess, Coy Browning, Teddy Henderson, and Rudi Williams. *See* Pl. Br.Supp.Mot. at 12. Moreover, Young has provided no evidence indicating that there would be any difficulty whatsoever in joining these parties, such as geographic dispersion as in *Gaspar* or the inability to locate the parties as in *Lanning.*[4] Given the small number of potential class members, an additional showing of difficulty is imperative for

Young to prevail on his motion. It is Young's burden to prove that numerosity has been met, but he has clearly failed to sustain that burden.

### 2. Adequacy

Failure to meet the numerosity requirement is sufficient to defeat Young's motion for class certification. However, Magnequench and the Union also assert that Young's motion should be denied because he is not an appropriate class representative. Rule 23 requires that Young establish that, as class representative, he would "fairly and adequately protect the interests of the class." Fed. R.Civ.P. 23(a)(4). This determination is one of "critical importance," and depends upon the facts of each case. Wright, Miller & Kane § 1765, at 264, 271. As with each of the other class action prerequisites, plaintiff bears the burden of proving his adequacy as a class representative as well. *See General Tel. Co. of Southwest,* 457 U.S. at 161, 102 S.Ct. 2364; *Retired Chicago Police Ass'n,* 7 F.3d at 596; *Hurd,* 164 F.R.D. at 238.

■ Caselaw directs that one relevant factor to be examined is the adequacy of the plaintiff's counsel. *See Secretary of Labor v. Fitzsimmons,* 805 F.2d 682, 697 (7th Cir. 1986); *Gaspar,* 167 F.R.D. at 58; *Evans,* 818 F.Supp. at 1220. Plaintiff must show that counsel is qualified, experienced, and able to conduct vigorously the proposed litigation. *See Andrews v. Bechtel Power Corp.,* 780 F.2d 124, 130 (1st Cir.1985). Evidence that counsel has been adequate in the past ordinarily is persuasive evidence that the attorney will be adequate again. *See Evans,* 818 F.Supp. at 1220. Moreover, experience in the field in which the litigation is brought can suffice as evidence of the attorney's adequacy. *See Gaspar,* 167 F.R.D. at 58. For example, in *Gaspar,* plaintiff's attorneys submitted affidavits attesting to their "numerous years of legal experience", their experience in the field of law at issue in the case (employment law) and as attorneys handling pre-

---

4. In fact, Magnequench's assertion that "what Plaintiff actually desires to do is make this case a multiple-plaintiff action, but has attempted to do so by means of a Motion for Certification," Magnequench's Objection to Pl.Mot. at 4, seems particularly compelling given Young's attempt to join plaintiffs in his brief filed in support of the motion for class certification. *See* Pl. Br.Supp.Mot. at 1.

**508**

vious federal class actions. 167 F.R.D. at 58–59; *see also Evans*, 818 F.Supp. at 1220 (finding counsel adequate for current class action where counsel had been successful in past class actions absent any reasons to conclude they would be inadequate in the present case). *But see Armstrong v. Chicago Park Dist.*, 117 F.R.D. 623, 631 (N.D.Ill.1987) (noting that mere lack of experience in representing class actions and relative lack of success in previous instances alone should not bar counsel from representing plaintiff's class action in the present case).

In addition to an attorney's experience in prior litigations, the court may also examine the attorney's conduct in the putative class action before the court. *See Armstrong*, 117 F.R.D. at 634. We look to the quality of the briefs and arguments presented by counsel as evidence of competence. *See* Wright, Miller & Kane § 1769.1, at 378. For example, in *Kingsepp v. Wesleyan Univ.*, 142 F.R.D. 597 (S.D.N.Y.1992), the court denied certification, in part, due to inadequacies in the briefs filed before the court. *Id.* at 603.

> Plaintiff's memorandum in support of class certification provides little more than a recitation of the requirements of Rule 23 and conclusory statements that the requirements are met in this case. Plaintiff's reply memorandum is also lacking.... The memorandum avoids any analysis or discussion of a number of weighty arguments raised by defendants in opposition to class certification, opting instead for long quotes and conclusory assertions. As reflected in [counsel's] memoranda on behalf of the putative class, he has failed in the initial stages of this litigation adequately to represent the interests of the putative class members.

142 F.R.D. at 602–03 (internal citations omitted). Similarly, in *Dunn v. Midwest Buslines, Inc.*, 94 F.R.D. 170 (E.D.Ark.1982), the court found plaintiff's counsel inadequate where counsel was unable to frame a proper class action and made many errors in the plaintiff's class action brief. *Id.* at 173; *see also Armstrong*, 117 F.R.D. at 633 (finding class counsel inadequate due to their "poor pleading" in attempting to define the class for suit).

■ Unlike the situations confronting the courts in *Gaspar* and *Evans*, Young's attorney has provided us with no specifics regarding her ability, experience, or resources to adequately represent the putative class in this matter. While this failure alone does not conclusively establish her inadequacy, when coupled with her conduct and ability thus far in the case at bar, her other omissions take on a heightened importance. Young's motion and his supporting brief demonstrate a questionable ability on the part of counsel to adequately represent a putative class action. Plaintiff's motion does little more then recite the elements of Rule 23 to establish the appropriateness of a class action, *see* Pl.Mot. at ¶¶ 1–5.[5] Defendants' briefs, in contrast, address the issues of Rule 23's requirements. *See* Magnequench's Objection to Pl.Mot.; Union's Mem. in Opp'n to Pl.Mot. In addition, as discussed above, Young's motion and supporting brief fail to address in any fashion the difficulties in meeting the numerosity/impracticability requirement of Rule 23(a)(1). These failures to satisfy minimum pleading and proof requirements deserve to be characterized as poor pleading sufficient to cast serious doubt on counsel's adequacy to serve as putative class counsel. Thus, we hold that, in addition to the failure to meet the numerosity requirement, Young's counsel has failed to show that either he or she is qualified and able to protect the interests of the class.

### *Conclusion*

For the reasons explicated above, to wit, that Young's motion for class certification fails to meet both the numerosity requirement of Rule 23(a)(1) and the adequacy requirement of Rule 23(a)(4), we *DENY* Young's motion for class certification.

It is so ORDERED.

---

**5.** Young's motion fails even to accurately recite Rule 23(a)'s requirements. *Compare* Pl.Mot. at ¶ 3 (stating that "the representative party will fairly and *accurately* protect the interests of the class") (emphasis added) *with* Fed.R.Civ.P. 23(a)(4) (requiring that "the representative parties will fairly and *adequately* protect the interests of the class") (emphasis added).