**Patricia McELHANEY, Plaintiff,**

v.

**ELI LILLY & CO., An Indiana corporation, et al., Defendants.**

**No. 80–3069.**

United States District Court,
D. South Dakota, C. D.

April 8, 1982.

Charles Rick Johnson, Johnson, Eklund & Davis, Gregory, S. D., for plaintiff.

William G. Taylor, Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for defendant Eli Lilly & Co.

Carleton R. Hoy, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendant Abbott Labs.

David A. Gerdes, May, Adam, Gerdes & Thompson, Pierre, S. D., for defendant McNeil Laboratories, Inc., and Ortho Pharmaceutical Corp.

Harold C. Doyle, Sioux Falls, S. D., for defendant Rexall Drug Co.

Chester A. Groseclose, Jr., Richardson, Groseclose, Kornmann & Wyly, Aberdeen, S. D., for defendant Upjohn Co., Inc.

William A. Hackett, Watertown, S. D., for defendant E. R. Squibb & Sons, Inc.

William F. Day, Jr., Day, Grossenburg & Whiting, Winner, S. D., for defendant Schering Corp.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

### CASE SUMMARY

■ The plaintiff in this pharmaceutical products liability action has moved for cer-

tification of a plaintiff class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed class consists of all persons exposed to diethylstilbestrol (DES) *in utero* who presently reside in South Dakota. For the reasons which follow, plaintiff's motion for class certification is denied.

## FACTUAL BACKGROUND

Plaintiff Patricia McElhaney alleges that she has developed a pre-cancerous condition as a result of her prenatal exposure to diethylstilbestrol (DES), a synthetic estrogen taken by her mother in 1949. In the late 1940s and early 1950s, pharmaceutical manufacturers promoted DES for use by pregnant women to prevent loss of the fetus by spontaneous abortion. Plaintiff alleges that her mother had ingested DES for several months prior to plaintiff's birth on December 31, 1949, the drug having been prescribed to prevent a possible miscarriage.

Plaintiff seeks to represent a class composed of "all male and female young people residing in South Dakota who are similarly situated in that they have been exposed to DES as unborn children." Complaint, ¶ 4. Plaintiff is unable to identify the manufacturer or manufacturers of the DES ingested by her mother. The complaint names eight drug companies as defendants, and alleges their joint and individual liability in the marketing, dispensing, and promoting of DES. For herself, plaintiff sues for both actual and punitive damages. For class members, plaintiff seeks injunctive relief requiring defendants to conduct a publicity campaign on DES, and to establish clinics in South Dakota which would provide free medical examination to class members. Plaintiff asserts various causes of actions: Negligence, strict liability, battery, breach of warranty and violation of the Federal Food, Drug and Cosmetic Act.

## DISCUSSION

In order to maintain an action as a class action, the parties seeking class status have the burden of showing that the four prerequisites to Rule 23(a) are satisfied, namely: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will thoroughly and adequately protect the interests of the class. The parties seeking class certification must also prove that the proposed class action falls within one of the alternative requirements of Rule 23(b). Rule 23(a) includes two additional requirements by implication, namely that a class must exist, and that the representative parties must be members of such class. 3B *Moore's Federal Practice* ¶ 23.04 (2d Ed. 1978).

### A. EXISTENCE OF CLASS.

Prior to a consideration of the criteria established by Rule 23, the Court must determine whether a class exists, and is capable of legal definition. *Vietnam Veterans Against the War v. Benecke*, 63 F.R.D. 675, 679 (W.D.Mo.1974). Plaintiff seeks to represent "all male and female young people residing in South Dakota who are similarly situated and in that they have been exposed to DES as unborn children." Complaint, ¶ 4. Although plaintiff alleges that she is suffering from DES-related injuries, there appears to be no requirement that any class member has sustained any injury or damage. Rather, the plaintiff alleges that class members *may* already have injuries and that class members suffer a *threat* of grave harm and loss. *See Complaint*, ¶¶ 32, 68 (emphasis added). It is highly likely that a substantial number of persons in the proposed class would not know whether they were members of such a class, since they do not suffer from any apparent injury, and do not know whether their mothers took DES while pregnant. Nonetheless, plaintiff's proposed class includes "young people . . . who have been exposed to DES before birth, and who may or may not know that fact . . . ." Complaint, ¶ 66.

The class definition does not require that the class members' births have occurred in

South Dakota.[1] Thus, it is probable that class members' mothers are scattered over the entire United States. Even assuming such persons could be located, many may be deceased and their medical records destroyed. Consequently, a large number of persons included in plaintiff's proposed class will never be able to determine whether they were exposed to DES. Further, the composition of the proposed class is constantly changing, as unknown persons move into and from South Dakota.

The definition of a class cannot be so broad as to include individuals who are without standing to maintain the action on their own behalf. Each class member must have standing to bring the suit in his own right. *See Kister v. Ohio Bd. of Regents*, 365 F.Supp. 27 (S.D.Ohio, 1973), aff'd, 414 U.S. 1117, 94 S.Ct. 855, 38 L.Ed.2d 747 (1974); *Lamb v. Hamblin*, 57 F.R.D. 58 (D.Minn.1972); and *Thomas v. Clarke*, 54 F.R.D. 245 (D.Minn.1971). In the case at bar, plaintiff does not allege that any member of the class, other than herself, has sustained injury or damage. Since many individuals included in the purported class have sustained no injury in fact, they would lack standing to bring suit in their own right.

The factors discussed *supra* present formidable barriers to the very existence of a "class". The proposed class, in this Court's view, is not adequately defined, nor are its members readily identifiable. The failure to establish the existence of a class, alone, is enough to deny class certification. The Court, however, will also discuss the reasons under the criteria of Rule 23 for denying class certification.

### B. TYPICALITY.

Rule 23(a)(3) requires that in a class action "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." The typicality requirement guarantees that a representative's interest will be co-extensive with the interests of potential class members. *Koehler v. Ogilvie*, 53 F.R.D. 98, 100 (N.D.Ill.1971), aff'd 405 U.S. 906, 92 S.Ct. 938, 30 L.Ed.2d 777 (1972). In addition, the requirement ensures that no claim of a class member, or significant aspects of such claim, will go unrepresented by representative plaintiffs. *Sommers v. Abraham Lincoln Federal Savings & Loan Assoc.*, 66 F.R.D. 581 (E.D.Pa.1975). In short, in the course of proving her own claim, plaintiff must also prove the claims of the other members of the class. The claims and defenses of the class representative "would not be typical if it would require substantially more or less proof than required for the other members of the class." *Amswiss Int. Corp. v. Heublein, Inc.*, 69 F.R.D. 663, 667 (N.D.Ga.1975).

While the particular merits of plaintiff's claim are not an issue to be considered upon a motion for class certification under Rule 23, an analysis of the issues and the nature of proof which will be required at trial is relevant to a determination of the typicality of plaintiff's claim. To recover on her own claim, plaintiff must prove exposure to DES, identity of the manufacturer, fact of injury, its causation by DES, breach of duty or fault on the part of the manufacturer, and damages. Relevant issues are when the DES was taken by each mother of each plaintiff, the amounts of DES prescribed and taken, the duration of exposure, the stage in the pregnancy when DES was taken, the adequacy of the warnings accompanying the various drugs of the various manufacturers, the specific warranty or representation made, and reliance upon it. Assuming plaintiff established each of the above elements with respect to her own claim, she would have proved nothing with regard to the claims of the other class mem-

---

1. In her rebuttal brief, plaintiff offers to reduce the class to "those young male and female persons whose mothers were prescribed the drug in South Dakota, and whose children were born in South Dakota and are residents of South Dakota when they receive notice of this action." Assuming without deciding that such a group would meet the Rule 23 requirement that a class exists, and is capable of legal definition, such a class would not satisfy the alternative requirements of Rule 23(b), discussed *infra*.

bers. A recovery by plaintiff would not entitle any other class member to a similar remedy, nor would it materially affect the merits of other members' claims. In light of the number of individual factual questions presented by this case, the named plaintiff's claim is not typical of the claims of the class.

### C. ADEQUACY.

Rule 23(a)(4) requires a finding that plaintiff will fairly and adequately protect the interests of class members. In determining the question of adequate representation, the inquiry focuses on both the adequacy of the representative, and the adequacy of the representative's counsel. 3B Moore's Federal Practice ¶ 23.07[1]. Factors to consider are: (1) co-extensiveness of interest; (2) absence of antagonistic interest; (3) numerical representation; and (4) adequate counsel and financing. *Id.*

In the case at bar, plaintiff seeks $2.5 million for herself in actual and punitive damages, but seeks only injunctive and/or declaratory relief for the class. The difference between type of relief sought by the plaintiff for herself and for the class raises a serious question as to her adequacy to protect the interests of class members. Plaintiff makes it clear that she has no need for, nor is she entitled to, the equitable relief sought for the class. In that regard, she is not even a member of the class. Further, because plaintiff seeks only equitable relief for the class, subsequent damage claims by unknowing class members may be jeopardized by the application of res judicata.

The financial ability of the class representative is also an important factor in determining whether representation will be adequate. Plaintiff must "sustain the burden of showing that [her] resources are adequate to pursue this lawsuit to completion, even in the absence of any additional financial contributions from members of the purported class." *Ralston v. Volkswagenwerk, A.G.*, 61 F.R.D. 427, 433 (W.D. Mo.1973). Plaintiff admitted, by affidavit of her attorney, that she cannot bear the financial burden of notifying absent class members. Plaintiff's inability to bear the financial burden of giving notice, as required by *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), indicates her inadequacy to protect the interests of the class. *See Neloms v. Southwestern Electric Power Co.*, 72 F.R.D. 128 (W.D.La.1976); and *Held v. Missouri P.R. Co.*, 64 F.R.D. 346 (S.D.Tex.1974). The Court concludes that the plaintiff will not fairly and adequately represent the class.

### D. THE ALTERNATIVE REQUIREMENTS OF RULE 23(b).

#### 1. *Rule 23(b)(1)(B).*

Plaintiff contends that the proposed class is appropriate for class certification under Rule 23(b)(1)(B), which provides for class certification when the prosecution of separate actions by individual class members would, as a practical matter, be dispositive of the interests of other class members, or would substantially impede or impair their ability to protect their interest. Plaintiff argues that if a "testing and treatment fund" to provide free medical examinations for members of the class is established, as plaintiff requests, the fund may be inadequate to satisfy the claims of all class members. The Court, however, is not persuaded by this reasoning. Class certification may be appropriate if this was a case in which the defendant's liability was limited to a specific fund which could potentially be exhausted by some members of the class recovering on a first-come, first served basis, and leaving other members of the class with no prospect of recovery. No such specific fund exists in the instant case. Further, there is no suggestion that defendants would be unable to satisfy judgments in separate actions for damages brought by members of the purported class, if and when any such judgments are entered.

Plaintiff also argues that the *stare decisis* effect of plaintiff's lawsuit will have an adverse effect on subsequent lawsuits by members of the purported class, thus justifying certification under Rule 23(b)(1)(B). The possible *stare decisis* effect of an indi-

vidual adjudication, however, is not enough as a practical matter to be dispositive of other members' interests, and does not create a right to a class action. *See* 3B Moore's Federal Practice ¶ 23.35[2]. The Court finds that this suit cannot be maintained as a class action under Rule 23(b)(1)(B).

### 2. *Rule 23(b)(3).*

Class certification under Rule 23(b)(3) requires a finding that questions of law or fact common to the class predominate over the questions affecting only individual class members. To support its contention that class certification is appropriate under 23(b)(3), plaintiff relies on *Payton v. Abbott Labs*, 83 F.R.D. 382 (D.Mass.1979), also a DES products liability case, wherein the Court conditionally certified a class under Rule 23(b)(3) for purposes of resolving specific issues. The Court concluded that common questions of law and fact predominated over questions affecting individual members of the plaintiff class because

> [v]ictory for the defendants in this action will guarantee them freedom from harassment or repetitive litigation asserting theories or claims that have been disposed of. Victory for the plaintiffs will go far toward bringing them recovery. And in either case, assuming that the plaintiffs have shown that they have suffered compensable injuries, the Court will benefit from its determination of whether and when the defendants were negligent. A test case adjudicating the right to recover of one plaintiff alleging

injury at one time could not produce that last determination.

*Id.* at 392.

This Court, however, is persuaded by the holding in *Ryan v. Eli Lilly & Co.*, 84 F.R.D. 230 (D.So.Car.1979). In *Ryan*, a case factually similar to the case at bar, the Court refused to certify a class under Rule 23(b)(3) because of the individualized nature of the proof required for each individual class member. In so doing, the Court stated

> The mothers of the proposed plaintiffs in this case each used a synthetic estrogen; however, the length of exposure, the reason for the drugs used, the specific chemical formulation, the state of the art at the time of consumption or the manufacturer's knowledge of synthetic estrogen's carcinogenic effect and possibly medical result in the absence of estrogen are all specific points going toward proximate causation which will require proof for each individual class member.

*Id.* at 233.

The individualized nature of the proof required in the instant case precludes the Court from finding that questions of fact common to all class members predominate over issues affecting only individual class members.[2] Questions of fact relating to exposure to DES, identification of the drug manufacturer, causation, foreseeability, affirmative defenses, damages, breach of warranty and fraudulent misrepresentation all require individualized proof. The individual determinations of these issues predominate over common questions of law and fact.

**2.** Plaintiff strongly argues in her reply brief that the "injury *in fact* [common to all class members] is the exposure to DES." Plaintiff goes on to suggest that the issue of "exposure" be tried in a class action in which only the legal liability of defendants, if any, for marketing DES [and thus exposing plaintiffs] would be decided. Plaintiff would then reserve for individual treatment the harm, if any, caused by exposure to DES by any class member. Plaintiff appears to recognize, as does this court, that a separate trial would be required for each class member to take evidence and to determine whether the class member was harmed, what caused the harm, and whether damages should be awarded against one or more defendants.

The effort to decide all issues concerning the liability of each defendant in a previous class action, as plaintiff advocates, would prove unsuccessful because evidence or issues thought to be reserved for "individual treatment" may be relevant to the issues in the class action liability trial. The court is convinced that proceeding as plaintiff suggests would delay rather than expedite resolution of DES litigation in this state. Plaintiff's contention thus fails under Rule 23(b)(3).

For the foregoing reasons, plaintiff's motion for a class certification is denied.